ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ISLAND PORTFOLIO SERVICES, LLC; como Agente de FAIRWAY ACQUISITIONS FUND, LLC<br><br>Parte Apelado<br><br>V.<br><br>GABRIEL COSME PÉREZ<br><br>Parte Apelante | TA2025AP00540 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: CT2023CV00160<br><br>Sobre: Cobro de Dinero *REGLA 60* |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Salgado Schwarz y la Juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico a 9 de enero de 2026.

Comparece ante nos Gabriel Cosme Pérez (en adelante, "Cosme Pérez" o "apelante") y nos solicita que revoquemos la *Sentencia* emitida y notificada el 14 de octubre de 2025 por el Tribunal de Primera Instancia, Centro Judicial de Bayamón. Mediante el referido dictamen, el foro primario declaró *Con Lugar* la *Solicitud de Sentencia Sumaria*[1] presentada por Island Portfolio Services, LLC. (en adelante, "IPS" o "apelada"). En su consecuencia, condenó a Cosme Pérez a satisfacer a IPS la deuda, cantidad en principal de $2,293.18, más interés al tipo legal, más las costas, gastos y honorarios de abogados.

Por los fundamentos que exponemos a continuación, **confirmamos** la *Sentencia* apelada.

---

[1] Entrada Núm. 65 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).

**-I-**

El 15 de noviembre de 2023, IPS, como agente de Fairway Acquisitions Fund, LLC. (en adelante, "FAF"), presentó una *Demanda*[2] sobre cobro de dinero, bajo la Regla 60 de Procedimiento Civil[3], en contra de Cosme Pérez. En síntesis, alegó que Cosme Pérez solicitó a Banco Popular de Puerto Rico (en adelante "Banco Popular") una tarjeta de crédito, por la cual adeudaba el monto de $2,293.18, por concepto de principal. Adujo que FAF adquirió mediante cesión todos los derechos, títulos e intereses sobre la mencionada línea de crédito, que es tenedor y dueño de la cuenta, que se subroga en los derechos de Banco Popular y que es el sucesor en interés de los términos y condiciones atados a dicha cuenta.

Por su parte, el 29 de mayo de 2024, Cosme Pérez presentó una *Moción en Solicitud de Desestimación*[4] en la que alegó que la acción estaba prescrita, que IPS incumplió con el diligenciamiento y notificación de la Citación sobre Cobro de Dinero, según la Regla 60, y que no realizó el emplazamiento correspondiente. Adujo, además, que ni Banco Popular ni ninguna otra persona hizo gestión con Cosme Pérez para el cobro de la deuda.

El 17 de junio de 2024, IPS presentó una *Moción en Cumplimiento de Orden y Oposición a Solicitud de Desestimación*[5] en la que arguyó que Cosme Pérez fue interpelado conforme a derecho. Alegó que remitió un Aviso de Cobro a la dirección que el propio Cosme Pérez

---

[2] Entrada Núm. 1 del SUMAC TPI.
[3] Regla 60 de las Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V. R. 60.
[4] Entrada Núm. 13 del SUMAC TPI.
[5] Entrada Núm. 18 del SUMAC TPI.

proveyó al acreedor original de la deuda, la cual fue validada. Sostuvo que la acción no estaba prescrita, ya que el término fue interrumpido por el Aviso de Cobro remitido a la última dirección conocida de Cosme Pérez, mediante correo certificado, con acuse de recibo. El 30 de agosto de 2024, el foro primario declaró *No Ha Lugar* la referida moción de desestimación.

Posteriormente, el 12 de septiembre de 2024, Cosme Pérez presentó su *Contestación a Demanda*[6]. Tras varios incidentes procesales, el 13 de enero de 2025, IPS presentó una *Moción Informativa y que se Ordene Descubrir los Solicitado*[7], en la que adujo que, Cosme Pérez contestó de manera incompleta los incisos dos (2), tres (3), cuatro (4), cinco (5), seis (6), siete (7) y ocho (8) del *Requerimiento de Admisiones* cursado. Solicitó que se ordenara a la parte descubrir lo requerido. Anejó a dicha moción el *Requerimiento de Admisiones*[8] y la correspondiente *Contestación a requerimiento de Admisiones*[9].

Por su parte, el 20 de enero de 2025, Cosme Pérez presentó una *Réplica a Moción Informativa y que se Ordene Descubrir los Solicitado*[10], en la que sostuvo que contestó dicho requerimiento de acuerdo a su recuerdo de hace 20 años, entre otras alegaciones.

El foro primario, el 29 de julio de 2025, emitió una *Orden*[11] en la que dispuso que Cosme Pérez tenía diez (10) días finales para contestar el requerimiento de

---

[6] Entrada Núm. 23 del SUMAC TPI.
[7] Entrada Núm. 35 del SUMAC TPI.
[8] Anejo A de la Entrada Núm. 35 del SUMAC TPI.
[9] Anejo B de la Entrada Núm. 35 del SUMAC TPI.
[10] Entrada Núm. 37 del SUMAC TPI.
[11] Entrada Núm. 50 del SUMAC TPI.

manera específica, so pena de darse por admitido.[12] El 4 de septiembre de 2025, el foro de instancia emitió una *Orden*[13] en la que dio por admitidos los requerimientos dos (2) al ocho (8), por haber culminado el descubrimiento de prueba sin que Cosme Pérez enmendara las contestaciones.[14]

IPS, por su parte, el 10 de septiembre de 2025, presentó una *Solicitud de Sentencia Sumaria*[15]. Alegó que existe una deuda vencida, líquida y exigible, la cual fue reclamada en la acción de cobro de dinero, dentro del término prescriptivo, y que los incisos dos (2) al ocho (8) del *Requerimiento de Admisiones* se dieron por admitidos, por lo que no existe argumento respecto al hecho de que Cosme Pérez le adeuda a IPS la suma de dinero. Sostuvo que ante la inexistencia de una controversia real y sustancial, procede dictar sentencia sumaria a su favor para el pago de la deuda, costas, gastos y honorarios de abogados, más intereses al tipo legal.

El 9 de octubre de 2025, Cosme Pérez presentó una *Solicitud de Desestimación a la Moción en Solicitud de Sentencia Sumaria y en la Alternativa Oposición a la Moción en Solicitud de Sentencia Sumaria*[16] en la que sostuvo que la moción de sentencia sumaria presentada por IPS fue extemporánea, deficiente y carente de prueba admisible. Alegó que existe controversia en cuanto a

---

[12] Cosme Pérez presentó una *Reconsideración a Orden Dictada por el Tribunal al Demandado para que Conteste Requerimiento so Pena de darlo por Admitido* (Entrada Núm. 52 del SUMAC TPI) el 5 de agosto de 2025, a la cual IPS replicó a través de una *Moción en Dúplica* (Entrada Núm. 54 del SUMAC TPI) presentada el mismo día.
[13] Entrada Núm. 62 del SUMAC TPI.
[14] Cosme Pérez presentó una *Moción en Solicitud de Reconsideración* (Entrada Núm. 67 del SUMAC TPI) el 24 de septiembre de 2025, referente a dicha orden, la cual fue declarada *No Ha Lugar*.
[15] Entrada Núm. 65 del SUMAC TPI.
[16] Entrada Núm. 69 del SUMAC TPI.

hechos materiales esenciales que requieren adjudicación en un juicio en su fondo y que procede la desestimación por falta de legitimación activa, incumplimiento con los requisitos de notificación y prescripción de la causa de acción.

El 14 de octubre de 2025, el foro sentenciador emitió la *Sentencia*[17] que hoy nos ocupa, en la que esbozó las siguientes determinaciones de hechos:

1. ISLAND PORTFOLIO SERVICES, LLC, es una corporación organizada y existente al amparo de las leyes del Estado Libre Asociado de Puerto Rico, con oficinas principales en 221 Plaza Suite, 302 Avenida Ponce de León, San Juan, Puerto Rico, cuya dirección postal es P.O. Box 361110, San Juan, PR 00936-1110.

2. La última dirección conocida de la parte demandada es: 75 ANTONIO RODRIGUEZ, CATAÑO PR 00962.

3. La parte demandada solicitó con Banco Popular de Puerto Rico, que se le extendiera un crédito mediante una cuenta de Tarjeta de Crédito, cuyo número de cuenta era: 4549545339432563. Véase Exhibit 1.

4. Los Estados de Cuenta reflejan actividad en el uso de crédito extendido por Banco Popular de Puerto Rico, acreedor original, a favor del demandado.

5. El 12 de diciembre de 2013, se emitió el primer resumen de la actividad de cuenta del crédito otorgado a la cuenta de la Tarjeta de Crédito del demandado. Véase Exhibit 1.

6. El 12 de marzo de 2014, se realizó el último resumen de actividad de cuenta del crédito otorgado a la cuenta de la Tarjeta de Crédito del demandado. Véase Exhibit 1.

7. El Bill of Sale and Assignment of Accounts, marcado como Exhibit 2, es un documento preparado en el curso regular de los negocios, donde BPPR vende, transfiere y asigna a FAIRWAY ACQUISITIONS FUND, LLC los títulos, derechos e intereses en las cuentas cedidas en la transacción.

8. Según se desprende de la data recopilada del Bill of Sales el balance pendiente de pago y transferido a FAF es de $2,293.18. Véase Exhibit 3

---

[17] Entrada Núm. 72 del SUMAC TPI.

9. En el Bill of Sales específico, se reflejan los siguientes datos:

   i.   Nombre del demandado. (Gabriel Cosme Pérez)

  ii.   Últimos 4 dígitos del Seguro Social del demandado. (9707)

 iii.   El número de cuenta. (4549545339432563)

  iv.   El día que abrió la cuenta. (21/septiembre/2004)

   v.   El día en que se lanzó a pérdida. (Charge-off Date 28/febrero/2014-) Id.

10. Como parte del proceso de descubrimiento de prueba, la parte demandante cursó al demandado un requerimiento de admisiones en el cual el Demandado admite lo concerniente a su dirección postal, haber obtenido un crédito con Banco Popular de Puerto Rico, mediante una cuenta de Tarjeta de Crédito, específicamente la cuenta número: 4549545339432563. La parte demandada admite de igual manera no tener prueba sobre carta de saldo, ni evidencia de cancelación de la deuda, ni evidencia de pagos, ni ninguna otra evidencia que indique que la deuda fue salda. Véase Exhibit 4 y Exhibit 5.

11. ISLAND PORTFOLIO SERVICES LLC tiene una relación contractual como gestor para gestiones de cobro con FAIRWAY ACQUISITIONS FUND, LLC., la cual se detalla en el Special Power of Attorney marcado como Exhibit 6, que incluye otorgar autorización para realizar todas las gestiones legales necesarias para el cobro de las cuentas asignadas.

12. ISLAND PORTFOLIO SERVICES, LLC, posee una licencia (Lic. Núm. 146168) para dedicarse al negocio de agencias de cobro, emitida por el Departamento de Asuntos del Consumidor, la cual está vigente hasta el 31 de diciembre de 2025. Véase Exhibit 7.

13. El 01 de septiembre de 2023, ISLAND PORTFOLIO SERVICES, LLC envía Aviso de Cobro a la parte demandada GABRIEL COSME PEREZ mediante correo certificado con acuse de recibo número: 9414811898765416623021, a la última dirección postal provista por Banco Popular para la cuenta número 4549545339432563, marcado como Exhibit 8.

14. El Aviso de Cobro fue recibido por GABRIEL COSME PEREZ el 05 de septiembre de 2023 a la última dirección provista por Banco Popular de Puerto Rico para la cuenta número 4549545339432563, marcado como Exhibit 8.

15. El Aviso de Cobro mediante correo certificado con acuse de recibo número: 9414811898765416623021 indica principalmente, el nombre del deudor; dirección del deudor, que el monto adeudado es $2,293.18; que el acreedor original es Banco Popular de Puerto Rico; que el acreedor actual es FAIRWAY ACQUISITIONS FUND, LLC; información de

contacto; y el término de 30 días para disputar la validez deuda o parte de la deuda, con la advertencia de que, de no disputarla, se presumirá como válida.

16. La deuda no fue disputada en el término de 30 días de luego de entregado el Aviso de Cobro.

17. IPS mediante resolución corporativa de su presidente, autorizó a custodiar los expedientes y expedientes de negocios al Sr. Kelvin Manuel Rosa Vélez y a Keyshla Enid Laureano Pérez. Véase Exhibit 9

18. Todos los hechos materiales incontrovertidos se encuentran sustentados en prueba admisible y en Declaración Jurada. Véase Exhibit 10.

El foro sentenciador concluyó que no existe controversia real en cuanto a que Cosme Pérez suscribió con Banco Popular un crédito, mediante una tarjeta de crédito, que incumplió con los pagos mensuales y que no tiene evidencia de haber saldado la misma. Concluyó, además, que se desprende que el balance final adeudado era de $2,293.18, que FAF, acreedor actual de la deuda, envió a Cosme Pérez un Aviso de Cobro con acuse de recibo y que FAF contrató a IPS para gestionar el cobro de dicha acreencia, la cual es una cantidad líquida, vencida y exigible. Concluyó que procede que Cosme Pérez satisfaga a IPS la cantidad en principal de $2,293.18, más interés al tipo legal, más las costas, gastos y honorarios de abogados pactados.

Inconforme, el 13 de noviembre de 2025, Cosme Pérez acudió ante nos mediante el recurso de *Apelación* e hizo los siguiente señalamientos de error:

**PRIMERO: Erró el Tribunal de Primera Instancia al disponer que se daba por admitido el requerimiento de admisiones, según redactado por la parte demandante, sin vista, sin oportunidad de ser oído, sin evaluar cumplimiento de la Regla 34.1; y mientras la representación legal del demandado estaba fuera de Puerto Rico, violando el debido proceso de ley y adjudicando hechos esenciales sin prueba, como sanción a la parte demandada.**

**SEGUNDO: Erró el Tribunal de Primera Instancia al no atender y resolver la solicitud de desestimación presentada por la parte demandada, la cual planteaba prescripción, falta de legitimación activa, emplazamiento defectuoso y ausencia de prueba mínima, indispensable para sostener la causa de acción.**

**TERCERO: Erró el Tribunal de Primera Instancia al considerar una Moción de Sentencia Sumaria extemporánea, presentada nueve meses fuera del término de la Regla 36.1, e incumplir con la Regla 36.3, al acoger dicho mecanismo sin exponer alegaciones, hechos no controvertidos, ni referencias especificas a prueba admisible.**

**CUARTO: Erró el Tribunal de Primera Instancia al determinar que no existen controversias genuinas de hechos, basada en una evidencia inadmisible, sin autenticación sin certificación y sin evaluar la evidencia presentada por el demandado, incluyendo declaración jurada y récords crediticios oficiales.**

**QUINTO: Erró el Tribunal de Primera Instancia al admitir documentos como prueba bajo la regla 805(f) sin el testimonio del custodio de récords, ni certificación conforme lo requiere la regla 902(k), aceptando como evidencia estados de cuenta un alegado "bill of sale" self-serving, sin origen, sin fecha cierta y sin vinculación el demandado.**

Con la comparecencia de las partes, procedemos a resolver la controversia ante nuestra consideración.

-II-

**A. Sentencia Sumaria**

La Regla 36 de Procedimiento Civil le permite a los tribunales dictar sentencia sumariamente cuando los hechos de un caso no están en controversia y el derecho favorece la posición de la parte que la solicita.[18] Con la moción de sentencia sumaria, se busca propiciar la solución justa, rápida y económica de los litigios civiles que no presentan controversias genuinas de hechos materiales y que, por consiguiente, no ameritan la celebración de un juicio en su fondo porque lo único

---

[18] Regla 36 de Procedimiento Civil de 2009 (32 LPRA Ap. V).

que resta es dirimir una o varias controversias de derecho.[19]

En virtud de la Regla 36.1 de Procedimiento Civil, la parte reclamante en un pleito puede presentar una moción fundada en declaraciones juradas o aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación.[20]

La precitada regla dispone, en cuanto al término para presentar el recurso, que el remedio se podrá solicitar:

> [E]n cualquier momento después de haber transcurrido veinte (20) días a partir de la fecha en que se emplaza a la parte demandada, o después que la parte contraria le haya notificado una moción de sentencia sumaria, pero no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba[…].[21]

A su vez, la Regla 36.3, en su inciso (e), establece que la sentencia sumaria solicitada será dictada inmediatamente, si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, así como de las declaraciones juradas y otra evidencia, **surge que no existe controversia real y sustancial en cuanto a ningún hecho esencial y pertinente y, que, como cuestión de derecho, se debe dictar la sentencia sumaria a favor de la parte promovente.**[22] Por último, este inciso también dispone que si la parte contraria no presenta

---

[19] *Vera v. Dr. Bravo*, 161 DPR 308, 331 (2004).
[20] Regla 36.1 de Procedimiento Civil, *supra*.
[21] Íd.
[22] Regla 36.3(e) de Procedimiento Civil, *supra*. (Énfasis Nuestro)

una contestación en el término provisto por la Regla, se entenderá que la moción de sentencia sumaria quedó sometida para la consideración del Tribunal.

Ahora bien, nuestro Tribunal Supremo ha sido enfático en que solo procede que se dicte sentencia sumaria cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable y que, el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia.[23] Por un lado, quien promueve la moción de sentencia sumaria tiene que establecer su derecho con claridad y debe demostrar que no existe controversia en cuanto a ningún hecho material, o sea, ningún componente de la causa de acción.[24] Por el otro lado, quien se opone a la disposición sumaria solicitada, viene obligado a establecer que existe una controversia que sea real en cuanto a algún hecho material y, en ese sentido, no cualquier duda es suficiente para derrotar la solicitud de sentencia sumaria.[25]

Al resolverse una moción de sentencia sumaria, el uso de este mecanismo, el cual es un remedio discrecional, debe ser mesurado y procederá solo cuando el tribunal esté claramente convencido de que tiene ante sí documentos no controvertidos.[26] Asimismo, se debe tomar en cuenta que la parte que se opone tiene derecho a un juicio plenario cuando existe la más leve o mínima duda en cuanto a cuáles son los hechos materiales y

---

[23] *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109-110 (2015).
[24] *Íd.* a la pág. 110.
[25] *Íd.* a la pág. 111; Ramos Pérez v. Univisión, 178 DPR 200, 213 (2010).
[26] *Vera v. Dr. Bravo*, *supra* en la pág. 334.

esenciales.[27] Igualmente, toda duda sobre la existencia de una controversia real sobre estos hechos se debe resolver en contra de la parte promovente, lo cual persigue no poner en peligro ni lesionar los intereses de las partes.[28] Cónsono con esto, ha quedado claro que en nuestra jurisdicción, la moción de sentencia sumaria no puede convertirse en un instrumento para privar a una parte de su derecho al debido proceso de ley.[29] Este principio de liberalidad a favor de la parte oponente busca evitar la privación del derecho de todo litigante a su día en corte cuando existen controversias de hechos legítimas y sustanciales que deben ser resueltas.[30]

En síntesis, como norma general, los tribunales están impedidos de dictar sentencia sumaria en cuatro instancias: (1) cuando existan hechos materiales y esenciales controvertidos; (2) cuando hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) cuando de los propios documentos que acompañan la moción surge que existe una controversia sobre algún hecho material y esencial; o (4) cuando como cuestión de Derecho no procede.[31]

Desde la perspectiva del Tribunal de Apelaciones, esta Curia viene obligada a resolver los asuntos planteados ante su consideración de forma fundamentada.[32] En cuanto al estándar revisor del foro apelativo ante este tipo de moción, el Tribunal Supremo ha precisado que el Tribunal de Apelaciones utilizará los mismos criterio que el TPI al determinar si procede una

---

[27] *Íd.*
[28] *Íd.*
[29] *García Rivera et al. V. Enríquez*, 153 DPR 323, 339 (2001).
[30] *Ramos Pérez v. Univisión*, *supra* en las págs. 216-217.
[31] *Oriental Bank v. Perapi et al.*, 192 DPR 7, 26-27 (2014).
[32] *Meléndez González et al. v. M. Cuebas*, *supra* en la pág. 114.

sentencia sumaria.[33] En tal sentido, el foro apelativo se encuentra en la misma posición que el TPI al revisar una solicitud de sentencia sumaria.[34] En adición, el Tribunal Supremo de Puerto Rico recogió múltiples aspectos importantes en cuanto a la revisión del Tribunal de Apelaciones sobre la moción de sentencia sumaria, de los cuales resaltan los siguientes: (1) su revisión es *de novo* y debe examinar el expediente de la manera más favorable hacia la parte que se opuso a la moción, llevando a cabo todas las inferencias permisibles a su favor; (2) debe revisar si en realidad existen hechos materiales en controversia y, de haberlos, debe cumplir con exponer concretamente aquellos hechos materiales que encontró que estaban en controversia y aquellos que no; y (3) de encontrar que no están incontrovertidos, debe entonces revisar *de novo* si el TPI aplicó correctamente el Derecho a la controversia.[35]

### B. Regla 68.2 de Procedimiento Civil

La Regla 68.2 de Procedimiento Civil,[36] concede a los jueces ese margen de discreción para prorrogar o acortar algunos de los términos dispuestos en las Reglas. Ello, con la aspiración de agilizar la tramitación de los asuntos litigiosos sin relegar el derecho de las partes a tener su día en corte y ser oídos. A estos efectos, establece:

> Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o por orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, **por justa causa en cualquier momento y en el ejercicio**

---

[33] *Meléndez González et al. v. M. Cuebas*, *supra* en la pág. 114.
[34] *Íd.* en la pág. 115.
[35] *Íd.* en las págs. 118-119.
[36] Regla 68.2 Procedimiento Civil, 32 LPRA Ap. V, R. 68.2.

**de su discreción:** *(1)* previa moción o notificación, o sin ellas, ordenar que se prorrogue o acorte el término si así se solicita antes de expirar el término originalmente prescrito o según prorrogado por orden anterior, o *(2)* **en virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a ser justa causa,** pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.1, 44.1, 47, 48.2, 48.4, 49.2 y 52.2, salvo lo dispuesto en las mismas bajo las condiciones en ellas prescritas.[37]

Del texto surge con claridad que la discreción dispensada al Tribunal para alargar o acortar un término no es absoluta, pues queda sujeta a lo siguiente: (1) la existencia de un plazo (término) dispuesto por las Reglas o, fijado por el tribunal, dentro del cual deba realizarse algún acto; (2) el interés de alguna de las partes o del Tribunal, de acortar o alagar el plazo, y (3) justa causa.[38] Es decir, si bien la Regla 68.2 confiere algún grado de discreción al Tribunal para que actúe y maneje el proceso de la forma más favorable a la consecución de los principios de celeridad y economía procesal promulgados en la Regla 1 de Procedimiento Civil, también dispone los requisitos que deben observarse al momento de acortar o prorrogar algún término.

La discreción judicial dispensada en virtud de esta Regla no es sinónimo de capricho o antojo. Por ello, que su uso debe estar siempre nutrido de un sano juicio que encuentre apoyo en la razonabilidad[39] y que a su vez esté

---

[37] *Íd.* (Énfasis Nuestro).
[38] Según dispone la Regla, el plazo (término) no puede referirse a: (1) Enmiendas o determinaciones iniciales o adicionales de hechos; (2) Costas-Honorarios de abogado; (3) Reconsideración; (4) Moción de Nuevo Juicio; (5) Nuevo Juicio a iniciativa del tribunal; (6) Relevo de Sentencia, o (7) Presentación de Apelación o *Certiorari.*
[39] *García Morales v. Padró Hernández*, 165 DPR 324 (2005); *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990).

cimentado en un sentido llano y sin ambages, de justicia.[40]

### C. Requerimiento de Admisiones

El requerimiento de admisiones está recogido en la Regla 33 de Procedimiento Civil, y en lo pertinente, establece:

> […]una parte podrá requerir por escrito a cualquier otra parte que admita la veracidad de cualesquiera materias dentro del alcance de la Regla 23.1 contenidas en el requerimiento, que se relacionen con cuestiones de hechos u opiniones de hechos o con la aplicación de la Ley a los hechos, incluyendo la autenticidad de cualquier documento descrito en el requerimiento. […]

> [T]odas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante una moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia. […] Si se objeta el requerimiento de admisión, deberán hacerse constar las razones para ello. La contestación deberá negar específicamente la materia o exponer en detalle las razones por las cuales la parte a quien se le requiere la admisión no puede admitir o negar lo requerido. Toda negación deberá responder cabalmente a la sustancia de la admisión requerida, y cuando la buena fe exija que una parte cualifique su contestación o niegue solamente una parte de lo requerido, deberá especificarse lo que sea cierto y negarse solamente el resto. Una parte a quien se le requiere una admisión no podrá aducir como razón para así no hacerlo la falta de información o de conocimiento, a menos que demuestre que ha hecho las gestiones necesarias para obtener dicha información y que la información conocida u obtenida es insuficiente para admitir o negar. Una parte no podrá objetar el requerimiento basándose únicamente en que la materia requerida presenta una controversia justiciable[…][41]

A tono con lo anterior, los requerimientos de admisiones cumplen una función importante en nuestro

---

[40] *Citibank et al. v. ACBI, et. al.*, 200 DPR 724 (2018).
[41] Regla 33 de Procedimiento Civil, *supra*.

sistema adversativo, pues sirven como un instrumento sencillo y económico para delimitar las controversias del caso.[42] Lo que persigue esta regla es "aligerar los procedimientos, definiendo y limitando las controversias del caso, proporcionando así un cuadro más claro sobre las mismas."[43]

A través del requerimiento de admisiones, una parte puede requerir a la otra que admita la veracidad de cualquier materia que esté dentro del alcance de la Regla 23-1 de Procedimiento Civil, que incluye hechos que están en controversia y opiniones relacionadas con los hechos o con la aplicación de la ley a estos.[44] El efecto de dicha admisión es que releva a la parte adversa de tener que presentar en el juicio prueba del hecho admitido y de esta forma propicia que se acorte la audiencia y no se incurran en gastos innecesarios.[45] Por lo tanto, la admisión de un requerimiento se considerará definitiva, salvo que el tribunal permita su retiro o una enmienda a ésta.[46]

La parte interpelada tiene que admitir o negar lo requerido bajo juramento o presentar una objeción escrita sobre la materia en cuestión dentro del término de veinte (20) días. Si esta no cumple con este término, "[l]as cuestiones sobre las cuales se solicitó la admisión, **automáticamente se tendrán por admitidas. No se requiere que el tribunal emita una orden**"[47] A su vez, la parte compelida, no puede objetar un requerimiento

---

[42] J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Tomo I, Publicaciones J.T.S., San Juan, 2000, pág. 565.
[43] *Audiovisual Lang v. Sist. Est. Natal Hnos.,* 144 DPR 563, 571 (1997).
[44] *Íd.* pág. 572. Cuevas Segarra, *supra,* pág. 565.
[45] Cuevas Segarra, *supra*, pág. 566.
[46] *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, *supra*, pág. 573.
[47] *Íd.*, pág. 573. (Énfasis Nuestro).

basándose únicamente en que la materia requerida presenta una controversia justiciable, o sea, que se trata de un hecho que está en disputa, que debería dilucidarse en un juicio en los méritos.[48]

## -III-

Como primer error, el apelante señala que erró el Tribunal de Primera Instancia al disponer que se daba por admitido el requerimiento de admisiones, según redactado por la parte demandante, sin vista, sin oportunidad de ser oído, sin evaluar el cumplimiento de la Regla 34.1; y mientras la representación legal del demandado estaba fuera de Puerto Rico, violando el debido proceso de ley y adjudicando hechos esenciales sin prueba, como sanción a la parte demandada.

Como discutimos anteriormente, el requerimiento de admisiones tiene como propósito delimitar las controversias de un caso, para así aligerar los procedimientos y brindar un cuadro más claro del mismo. Ahora bien, las Reglas de Procedimiento Civil son claras. La precitada Regla 33 dispone, sin ambigüedades, y en lo referente a lo que nos concierne, que primero, "todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle notificado el requerimiento[…] la parte a quien se le notifica el requerimiento le notifica[…] una contestación[…] o una objeción."[49] Segundo, en cuanto a una objeción, esta "deberá responder cabalmente a la sustancia de la admisión requerida[…]"[50].

---

[48] *Íd.*, págs. 572-573.
[49] Regla 33 de Procedimiento Civil, *supra*.
[50] *Íd.*

En este caso, la parte apelada cursó a la apelante un *Requerimiento de Admisiones* el 10 de octubre de 2024, la cual fue incompleta, sin responder la sustancia de la admisión requerida. Las contestaciones, del inciso dos (2) al ocho (8), fueron como siguen:

2. Se niega.
3. Se niega, tal como está redactada.
4. Se niega, tal como está redactada.
5. Se niega, tal como está redactada.
6. Se niega.
7. Se niega.
8. Se niega, tal como está redactada.

Ahora bien, del expediente se desprende que, el foro primario, el 29 de julio de 2025, emitió una *Orden* en la que dispuso que la parte demandada, en este caso apelante, tenía diez (10) días para contestar el requerimiento de manera específica so pena de darse por admitido.

Ciertamente el apelante tuvo oportunidad de enmendar sus contestaciones y no lo hizo. El apelante arguye que se dio por admitido el requerimiento de admisiones sin más. Sin embargo, esta tuvo la oportunidad de enmendar sus contestaciones, con pleno conocimiento del requisito de las Reglas de Procedimiento Civil, regla que no acató. Y peor aún, no enmendó sus contestaciones tampoco luego del Tribunal emitir una *Orden* clara en cuanto a la necesidad de especificidad en dichas contestaciones. Además, erróneamente alega que se dispuso su admisión mientras su representación legal estaba fuera de Puerto Rico. Y es que, la *Orden* se emitió el 29 de julio de 2025 y en ella se dispuso un término claro de diez (10) días. La representación legal presentó una *Moción Informativa sobre Vacaciones*[51] el 22 de agosto de 2025, más de tres

---

[51] Entrada Núm. 60 del SUMAC TPI.

(3) semanas luego de la *Orden* del Tribunal, evidentemente pasada ya la fecha límite para enmendar sus contestaciones. El apelante no cumplió con los requisitos de forma de la referida regla y tampoco cumplió con la *Orden* emitida por el foro primario. El Requerimiento de Admisiones se admitió conforme a derecho. No se cometió el error señalado.

Por estar relacionados, discutiremos el resto de los errores en conjunto. El planteamiento de que se consideró una solicitud de sentencia sumaria extemporánea no tiene mérito, pues, si bien es cierto que las Reglas establecen un término para presentar la solicitud, también es cierto que los jueces tienen discreción para prorrogar o acortar algunos términos dispuestos en las Reglas de Procedimiento Civil. Como vimos anteriormente, dicha discreción se sujeta a varios factores, entiéndase, (1) existencia de un plazo dispuesto por las Reglas, (2) interés de alguna parte o del Tribunal de acortar o alargar el plazo, y (3) justa causa. Primero, en este caso las Reglas establecen un plazo específico en el que se debe presentar una solicitud de sentencia sumaria. Segundo, la parte demandante, aquí apelada, tenía el interés de alargar dicho plazo, para el Tribunal considerar su solicitud de sentencia sumaria. Tercero, al no haber controversia sobre los hechos materiales en cuanto a la deuda por parte del apelante, es causa justa para la concesión del remedio de sentencia sumaria.

El Tribunal ejerció su discreción correctamente y, luego de dar por admitido un Requerimiento de Admisiones, que contenía todos los hechos materiales en cuanto a la existencia de la deuda que no se había

saldado y al apelante como deudor, no cabía otra conclusión que dictar sentencia sumaria a favor del apelado, como lo hizo el foro sentenciador en este caso.

Ahora bien, en cuanto a la alegación de que el Tribunal no atendió la solicitud de desestimación, resulta evidente, de la *Resolución*[52] emitida por el foro primario el 30 de agosto de 2024, que esta sí fue atendida. Y es que, en un solo párrafo, el Tribunal de Primera Instancia expresó de manera clara y sencilla que los planteamientos por parte del apelante son improcedentes.

En cuanto al error de la determinación de que no existen controversias de hechos, según la evidencia presentada por la apelada y la admisión de documentos alegadamente inadmisibles, la Regla 36 de Procedimiento Civil establece que la moción para solicitar sentencia sumaria debe estar "fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes[…]"[53]. En efecto, la parte apelada, junto con su *Solicitud de Sentencia Sumaria*, presentó: (A) Estados de Cuenta, (B) Bill of Sale and Assignment of Accounts, (C) Bill of Sale Excerpt (Seller Data), (D-1) Requerimiento de Admisiones, (D-2) Contestación Requerimiento de Admisiones, (F) Special Power of Attorney, (G) Licencia de DACO Vigente 2025, (H) Carta Aviso de Cobro, (I) Resolución Corporativa, y (J) Declaración Jurada.[54] Toda esta prueba, como bien dispone la precitada regla, es la que correctamente utilizó y evaluó el foro sentenciador para emitir su *Sentencia*.

---

[52] Entrada Núm. 60 del SUMAC TPI.
[53] Regla 36 de Procedimiento Civil, *supra*.
[54] Anejos A – J de la Entrada Núm. 65 del SUMAC TPI.

Cabe enfatizar que, como parte de los mencionados documentos que fueron presentados, en ese momento, ya el Requerimiento de Admisiones había sido admitido por el mismo Tribunal, en el que se establece que el apelante es el deudor, que suscribió y usó el crédito, que no saldó dicho crédito y que recibió avisos sobre atrasos del mismo. No se cometió ninguno de los errores señalados.

En suma, queda establecido que la *Sentencia* se emitió conforme a derecho, basada en evidencia debidamente presentada para su consideración. El Tribunal de Primera Instancia correctamente resolvió el caso ante sí, por lo que no cabe otra conclusión que **confirmar** la *Sentencia* apelada.

-IV-

Por los fundamentos antes expuesto, **confirmamos** la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones